**Opinion issued June 13, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-23-00364-CR

## NO. 01-23-00365-CR

————————————

## IN RE GARRY FULLER, Relator

---

**Original Proceeding on Petition for Writ of Mandamus**

---

### MEMORANDUM OPINION

Relator, Garry Fuller, incarcerated and proceeding pro se, has filed petitions for a writ of mandamus in each of his underlying trial court case numbers, requesting that this Court "[c]ompel/[o]rder" the trial court to "[r]ule on the [applications for writ of] [h]abeas [c]orpus . . . that [were] filed on or around August 8, 2022."

We deny relator's petitions for writ of mandamus.[1]

A jury found relator guilty of two separate offenses of sexual assault of a child. After finding true the allegations in two enhancement paragraphs that he had twice been convicted of felony offenses, the jury assessed his punishment at confinement for life for each offense. *See Fuller v. State*, Nos. 01-14-00796-CR, 01-14-00797-CR, 2016 WL 1267912, at *1 (Tex. App.—Houston [1st Dist.] Mar. 31, 2016, pet. ref'd) (mem. op., not designated for publication). On appeal, this Court affirmed the trial court's judgment. *Id.*

In his pro se mandamus petitions, relator asserted that "on or around August 8, 2022," he filed a post-conviction application for writ of habeas corpus in each of the underlying trial court case numbers "pursuant to the Texas Constitution and [a]rticles 11.05 & 11.23 of the [Texas] Code of Criminal Procedure." However, as of the date of his mandamus petitions, relator had "not received a [r]uling" from the trial court.

Relator alleged that the trial court's "failure to act as requested . . . is a failure to perform a ministerial function." He therefore requested that this Court "issue a writ of mandamus directing [the trial court] to make a [r]uling on [relator's] [a]pplication[s] for [w]rit of [h]abeas [c]orpus."

---

[1] The underlying cases are *Garry Fuller v. The State of Texas*, Cause Nos. 1379141 and 1413756, in the 338th District Court of Harris County, Texas, the Honorable Ramona Franklin presiding.

A trial court has a ministerial duty to consider and rule on motions or other pleadings that are properly filed and pending before the trial court. *See In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). And where a trial court fails or refuses to rule, mandamus relief may be appropriate. *See In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding). However, "[b]efore a writ of mandamus may issue in a criminal matter, the relator must establish that the trial court (1) had a legal duty to perform a non-discretionary act, (2) was asked to perform the act, and (3) failed or refused to do so." *See In re Jackson*, Nos. 01-11-00420-CR, 01-11-00421-CR, 01-11-00422-CR, 01-22-00423-CR, 01-11-00542-CR, 01-11-00543-CR, 2011 WL 3359709, at *1 (Tex. App.—Houston [1st Dist.] Aug. 4, 2011, orig. proceeding) (mem. op., not designated for publication) (Sharp, J., concurring); *see also In re Gonzalez*, No. 07-22-00057-CR, 2022 WL 714080, at *1 (Tex. App.—Amarillo Mar. 8, 2022, orig. proceeding) (mem. op., not designated for publication).

Texas Rule of Appellate Procedure 52.3 outlines the pleading and record requirements for original proceedings, including petitions for writ of mandamus, filed in Texas appellate courts. *See* TEX. R. APP. P. 52.3. And, rule 52 requires that a relator provide an appendix and record in support of his request for mandamus relief. *See* TEX. R. APP. P. 52.3(k) (relator required to provide appendix which "must contain" certified or sworn copy of any "document showing the matter complained

of"), 52.7 (relator "must file" record with mandamus petition containing "certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"), 52.8; *see also Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (relator must provide mandamus record sufficient to establish right to mandamus relief).

Here, relator's mandamus petitions stated that he filed post-conviction applications for writ of habeas corpus "on or around August 8, 2022." Notably, with his mandamus petitions, relator attached a hand-written document, dated August 1, 2022, titled "Application for Writ of Habeas Corpus[] Pursuant to[] Texas Code of Criminal Procedure Articles 11.05 and 11.23."

However, while relator attached the applications for writ of habeas corpus he purportedly filed with the trial court, this single document is not file-stamped, and relator has provided no other evidence that this document was filed in the underlying trial court case numbers or presented to the trial court for its consideration. Further, even assuming the habeas applications were filed, relator's petitions for writ of mandamus fail to provide a record or appendix establishing that relator made any demand for the trial court rule on his habeas applications. Absent such evidence from relator, "we have no basis to determine that [the habeas applications] were properly brought" to the attention of the trial court, thus creating a ministerial duty to act. *In re Molina*, 94 S.W.3d at 886. The Court is therefore unable to determine

whether the trial court has abused its discretion by failing or refusing to act on relator's post-conviction applications for writ of habeas corpus.[2] *See In re Gonzalez*, 2022 WL 714080, at *1 (citing *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding)).

Additionally, Texas Rule of Appellate Procedure 52.3 requires that any petition for an original proceeding "must . . . contain" several specifically identified sections. *See* TEX. R. APP. P. 52.3(a)–(k). Construing relator's petitions for writ of mandamus liberally, his petitions fail to include several required sections, including a table of contents, index of authorities, issues presented, and statement of the facts. *Id.*

Accordingly, we deny relator's petitions for writ of mandamus. *See* TEX. R. APP. P. 52.8(a). We dismiss any other pending motions as moot.

---

[2] In the post-conviction habeas application attached to relator's petitions for writ of mandamus, relator included a table with the "names of all parties." This table identifies Mark W. Bennett as appellant's court-appointed appellate counsel. The mandamus record does not reflect whether relator's court-appointed appellate counsel has withdrawn. To the extent relator has court-appointed counsel, we note that criminal defendants are generally not entitled to hybrid representation and a "trial court is free to disregard any pro se motions presented by a defendant who is represented by counsel." *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007). As such, "a trial court's decision not to rule on a pro se motion" is not "subject to review." *Id.*

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Guerra and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).